**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

JAVIER AGUILAR
RODRIGUEZ-GONZALES, also known
as Jesus Melendez Montez, also known as
Antonio Gonzalez Rodriguez, also known
as Antonio Gonzales Lopez,

        Defendant - Appellant.

No. 03-4254

---

ORDER

Filed October 14, 2004

---

Before **TACHA**, Chief Judge, **McWILLIAMS**, Senior Circuit Judge, and **PORFILIO,**
Circuit Judges.

Appellant's motion to publish the order and judgment filed September 2, 2004, is

granted. The published opinion is attached to this order.

Jenine Jensen's motion to withdraw as counsel for appellant is granted.

Entered for the Court
PATRICK FISHER, Clerk of Court


by:
      Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 2 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

 Plaintiff-Appellee,

v.

JAVIER AGUILAR RODRIGUEZ-
GONZALES, also known as Jesus
Melendez Montez, also known as Antonio
Gonzalez Rodriguez, also known as
Antonio Gonzales Lopez,

 Defendant-Appellant.

No. 03-4254

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**(D.C. No. 1:02-CR-102-PGC)**

---

Submitted on the briefs:[*]

Raymond P. Moore, Federal Public Defender, and Jenine Jensen, Assistant Federal Public
Defender, Denver, Colorado, for Defendant-Appellant.

Paul M. Warner, United States Attorney, and Diana Hagan, Assistant United States
Attorney, District of Utah, Salt Lake City, Utah, for Plaintiff-Appellee.

---

 [*] Neither counsel requested oral argument. After examining the briefs and the
appellate record, this three-judge panel has determined unanimously that oral argument
would not be of material assistance in the determination of this appeal. *See* Fed. R. App.
P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral
argument.

Before **TACHA**, Chief Judge, **McWILLIAMS**, Senior Circuit Judge, and **PORFILIO**, Senior Circuit Judge.

**McWILLIAMS**, Senior Circuit Judge.

In a two-count indictment filed in the United States District Court for the District of Utah, Javier Aguilar Rodriguez-Gonzales ("defendant") was charged with possession with an intent to distribute more than five grams of methamphetamine in violation of 21 U.S.C. §841(a)(1) and, in the second count, with possession of a firearm by an unlawful user of a controlled substance in violation of 18 U.S.C. §922(g)(3). Defendant, through counsel, filed a motion to suppress the evidence obtained in a search of his residence, contending that he did not knowingly and voluntarily consent to the search and that his Fourth Amendment rights had been violated. After hearing, the district court denied the motion to suppress.

Thereafter, counsel for the defendant moved to change defendant's plea of not guilty, and enter a so-called unconditional plea of guilty to both counts in the indictment. Fed. R. Crim. P. 11(a)(1). Counsel did <u>not</u> ask to enter a conditional plea of guilty, reserving the right to a direct appeal of the district court's denial of defendant's motion to suppress, as permitted by Fed. R. Crim. P. 11(a)(2). After hearing, the district court allowed the defendant to change his plea to one of guilty on both counts.

At sentencing, the defendant orally moved to withdraw his plea of guilty because

the proposed sentence under the United States Sentencing Guidelines was greater than had been represented to him by his attorney. That motion was denied by the district court, and the defendant was then sentenced to imprisonment for 148 months, 60 months of supervised release, and a $200 special assessment. Defendant appeals his conviction and sentence. Defendant's counsel in the district court was thereafter permitted to withdraw and he is represented on appeal by the Colorado Federal Public Defender's office.

On appeal, appointed counsel asserts two grounds for reversal: (1) defendant's unconditional plea of guilty was not knowingly and voluntarily made because defendant had been "misadvised" by his trial counsel and the district court as to the consequences of an unconditional plea of guilty, and (2) the district court erred by its failure to afford the defendant his right of allocution before sentencing, as required by Fed. R. Crim. P. 32(i)(4)(A)(ii).

At defendant's change of plea hearing, an interpreter was sworn and participated, intermittently, during the entire hearing. At the very outset of the hearing, the defendant personally advised the court, his attorney and a government attorney who was in attendance, that, though he desired to plead guilty, he also desired to appeal the court's denial of his motion to suppress. The court inquired of defense counsel about the matter, and counsel advised the court that he had informed the defendant that by pleading guilty, he waived his right to a direct appeal of the denial of his motion to suppress, but that he could still, in a collateral proceeding under 28 U.S.C. § 2255, obtain appellate review of

the district court's denial of his motion to suppress. The district court seemingly acquiesced in defense counsel's statement. The district court did make inquiry of the government attorney, who was somewhat noncommittal as to defense counsel's statement that the defendant could obtain appellate review of the court's denial of his motion to suppress in a subsequent proceeding under § 2255.

On appeal, present counsel for the defendant argues that defendant's guilty plea was not knowingly and voluntarily made and that he should be allowed to withdraw his plea of guilty, because he had been led to believe that he could raise the matter in a § 2255 proceeding, which, in fact and in law, he could not. In support of the latter, counsel cited *U.S. v. Davis,* 900 F.2d 1524, 1525-26 (10th Cir. 1990), where we held that "[b]y entering a voluntary plea of guilty, Davis [the defendant] waived all nonjurisdictional defenses." Thus, according to counsel, the defendant, having pled guilty, waived his right to a direct appeal of the denial of his motion to suppress, nor could it be raised subsequently on a § 2255 proceeding. Counsel also cited *Fields v. Gibson,* 277 F.3d 1203, 1213 (10th Cir. 2002), where we held that a "plea may be involuntary when an attorney materially misinforms the defendant of the consequences of the plea." Counsel then cited *United States v. Cook*, 997 F.2d 1312, 1317 (10th Cir. 1993), where we stated "[t]oday, we join the Ninth Circuit and hold that Fourth Amendment violations are not reviewable in a § 2255 motion when the federal prisoner has had a full and fair opportunity to litigate the Fourth Amendment claim at trial and present issues in direct

appeal."

The government in its brief concedes that defendant's guilty plea was <u>not</u> knowingly and voluntarily made and that defendant's conviction should be reversed and the case remanded with directions that the district court vacate its sentence and allow defendant to withdraw his plea of guilty. We agree.

The government also agrees that defendant's right of allocution was violated by the district court. *U.S. v. Muniz,* 1 F.3d 1018, 1025 (10th Cir. 1993). We agree.

Judgment reversed and case remanded with directions that subsequent proceedings be consonant with the views herein expressed.