**UNITED STATES COURT OF APPEALS**

**February 2, 2010**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

MAYNARD T. YATES,

      Defendant - Appellant.

No. 08-3095
(D. Kan.)

(D.C. No. 5:06-CR-40098-SAC-1)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, Chief Circuit Judge, **O'BRIEN**, Circuit Judge, and **EAGAN**, Chief
United States District Judge.[**]

After the district court denied his motion to suppress evidence, Maynard T. Yates

refused a plea agreement and entered an unconditional guilty plea to possession with the

intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

He now attempts to appeal from the denial of the suppression motion.  But an

---

[*] This order and judgment is an unpublished decision, not binding precedent. 10th
Cir. R. 32.1(A).  Citation to unpublished decisions is not prohibited.  Fed. R. App. 32.1.
It is appropriate as it relates to law of the case, issue preclusion and claim preclusion.
Unpublished decisions may also be cited for their persuasive value.  10th Cir. R. 32.1(A).
Citation to an order and judgment must be accompanied by an appropriate parenthetical
notation – (unpublished).  *Id.*

[**] Honorable Claire V. Eagan, Chief U.S. District Court Judge, United States
District Court for the Northern District of Oklahoma, sitting by designation.

unconditional guilty plea waives all non jurisdictional defects. Because his unconditional guilty plea effectively waived his right to appeal from the denial of his motion to suppress, we dismiss.

## I.    BACKGROUND

Yates was indicted for possession with intent to distribute 48.83 grams of cocaine base. He filed a motion to suppress, arguing the warrantless search of his residence was not justified by consent or "the protective sweep doctrine." He sought suppression of the cocaine base, razor blade, and set of digital scales seized by the police. On March 23, 2007 (after a hearing), the district court denied the motion, concluding the search was valid.

A change of plea hearing was scheduled six different times. Each of the delays were requested by Yates. Before Yates plead guilty, the government proposed a written plea agreement which would have reserved Yates' right to appeal from the denial of his motion to suppress. When he appeared with his fourth lawyer at the October 31, 2007 change of plea hearing, Yates renounced the proffered plea agreement, saying he did not "want to be binded to this plea agreement." (R. Vol. 2, Doc. 106 at 3.) He offered no further explanation. The court responded by stating the case was set for trial the following week and announced it was in recess.

The court reconvened after "a short recess" because it was informed Yates wanted to make "an oral plea of guilty." (R. Vol. 2, Doc. 106 at 3-4.) After Yates was sworn, he stated his name, age, and education on the record and waived a reading of the indictment. The court inquired if Yates was under the influence of drugs or medication (he was not)

and assured he was satisfied with his attorney.  The following exchange then occurred:

| | |
|---|---|
| THE COURT: | Okay.  As to Count 1 of the indictment, how do you plead to that count? |
| **[DEFENSE COUNSEL]:** | **Your Honor, before he does that, I just want to make clear to the Court that I recommend that you take the plea agreement and not just enter the plea, but you have elected to do it this way; is that correct?** |
| MR. YATES: | Yes. |
| [DEFENSE COUNSEL]: | Okay. |
| THE COURT: | All right, sir.  How do you plead to Count 1 of the indictment? |
| MR. YATES: | Guilty. |
| THE COURT: | All right, sir.  Has anyone in any way attempted to force you to enter that plea of guilty? |
| MR. YATES: | No. |
| THE COURT: | Are you entering that plea of guilty of your own free will and because you are guilty of it? |
| MR. YATES: | Yes. |

(R. Vol. 2, Doc. 106 at 7 (emphasis added).)  The court then proceeded to inform Yates

of the rights he waived through entry of a guilty plea, including the right to appeal.

Specifically, the following exchange occurred regarding the waiver of appellate rights:

| | |
|---|---|
| THE COURT: | Okay.  Do you understand that if the Court accepts your plea of guilty there may be certain appellate issues that you may either waive or not pursue just by reason of the guilty plea.  Do you understand that? |
| MR. YATES: | Yes. |
| THE COURT: | Have you had a full opportunity to discuss those |

rights with your attorney?

MR. YATES:          No, I haven't.

THE COURT:          Would you like to do that?

MR. YATES:          Yes.

THE COURT:          All right, we'll do it now.  We'll take a short recess . . . .

* * * *

[DEFENSE COUNSEL]:  Judge, if I may, I've explained to Mr. Yates that if he enters this plea of guilty he can't take an appeal from the actual case itself and he can't really appeal the suppression motion at that point in time . . . . as opposed to the conditional plea where he could appeal those things.  But he could appeal things such as the sentencing and things of that nature.

THE COURT:          Would the government like to address that, please?

[GOV'T COUNSEL]:    Your Honor, I believe the agreement that was initially extended to the defendant in paragraph 11 allowed the defendant -- or at least it read "Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence with the exception of a direct appeal by counsel of suppression matters previously litigated by the Court."  So Your Honor, in response to the questions to the Court by defense counsel, the government's prior plea offer did allow for a direct appeal only through counsel; not pro se, but only through counsel.  And that would be the government's response.  And the government is unwilling to accept just a conditional plea if we are not operating under the language of a written formal plea agreement.

[DEFENSE COUNSEL]:  I think what he's saying is he wants to be able

- 4 -

|                      | to have the right to appeal even his plea. You understand—isn't that what you're asking the Court? |
|----------------------|------------------------------------------------------------------------------------------------------|
| MR. YATES:           | Yeah. |
| [DEFENSE COUNSEL]:   | I guess he can file the appeal. Whether it will go anywhere— |
| THE COURT:           | Will the government accept such a plea? |
| [GOV'T COUNSEL]:     | Your Honor, we will not orally. Unless it's a written formal plea agreement with the language that has been previously provided to counsel and been explained to the defendant, we—we're not comfortable accepting an oral plea to those terms. |
| [DEFENSE COUNSEL]:   | Well, I don't-- his plea is basically unconditional. I mean, he is telling me he wants to orally plea to this count. You're advising him about the right to appeal. And what I am saying to him is if he enters this plea, he's not—there's nothing to appeal. I mean, you can't appeal whether or not the charge itself was valid, the arrest was valid and things of that nature because it's never been tried. Am I giving him wrong advice, Judge? |
| THE COURT:           | Well, I'm not going to enter into counsel's advice to his client. I'm going to indicate to the parties and for the record that the Court will not restrict the defendant as to any appeal, whether that — whatever the appeal might be that you believe is appropriate. The Court does not suggest that the appeal will be appropriate. I'm just indicating that you can file the appeal, but it's up to the circuit court to make a determination as to whether or not the appeal is appropriate. Do you understand that, sir? |
| MR. YATES:           | I think. Let me talk to him for a minute. |
| THE COURT:           | Sure. Well, I think the last thing that -- before |

> our colloquy that we just engaged in, I indicated to you that -- asked you whether or not you had an opportunity to discuss with your attorney the plea of guilty. And have you had an opportunity to do so now?

MR. YATES: Yes, sir.

(R. Vol. 2, Doc. 106 at 9-13.)

The government then summarized the evidence against Yates, including the evidence he had previously sought to suppress. When asked by the court if the evidence was true, Yates said "Yes." The court accepted Yates' unconditional guilty plea. Due to a prior drug conviction, he was subject to a mandatory statutory minimum sentence of 120 months imprisonment. *See* 21 U.S.C. § 841(b)(1)(B). The court imposed the mandatory minimum.

Yates filed a notice of appeal on April 2, 2008. The government filed a motion to dismiss Yates' appeal pursuant to 10th Cir. R. 27.2(A)(1)(a) on October 6, 2008.[1] Yates correctly argues the government's motion was untimely because it was not filed within fifteen days of the filing of the notice of appeal. *See* 10th Cir. R. 27.2(A)(3)(a). However, the government also filed a response brief in this appeal which incorporated by

---

[1] The government stated it filed its motion to dismiss this appeal in accordance with 10th Cir. R. 27.2(A)(1)(a), which allows "a motion to dismiss the entire case for lack of appellate jurisdiction or for any other reason a dismissal is permitted by statute, the Federal Rules of Appellate Procedure or these rules." Such a motion "should be filed within 15 days" of the appellant's notice of appeal being filed. *See* 10th Cir. R. 27.2(A)(3)(a). The substance of the government's motion however, sought to enforce Yates' waiver of his right to appeal, a request properly brought under 10th Cir. R. 27.2(A)(1)(d). 10th Cir. R. 27.2(A)(3) provides a firm deadline for the filing of a motion to enforce an appeal waiver, but allows the government to raise the issue in its briefs regardless of whether this deadline is met.

reference its motion to enforce Yates' appeal waiver. We have previously considered requests to enforce an appellate waiver in the absence of a timely motion to dismiss the appeal if the issue is raised in a party's brief. *See, e.g., United States v. Clayton,* 416 F.3d 1236, 1238 (10th Cir. 2005) (refusing to hold the government to the 15-day period for filing a motion to enforce a plea agreement when it was raised in a brief at a point well beyond the 15-day time period), *cert. denied,* 546 U.S. 1126 (2006). In consideration of our rationale in *Clayton*, we construe the government's motion to dismiss and Yates' response to that motion as being part of the briefing on appeal and consider the issue accordingly.

## II. DISCUSSION

Yates waived his right to appeal the denial of his motion to suppress by entering an unconditional plea. "By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." *United States v. Dwyer,* 245 F.3d 1168, 1170 (10th Cir. 2001) (quotation marks and citation omitted). Consequently, a defendant who unconditionally pleads guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not [competent]." *United States v. Salazar,* 323 F.3d 852, 856 (10th Cir. 2003) (quoting *Tollett v. Henderson,* 411 U.S. 258, 267 (1973)). When a defendant voluntarily and unconditionally enters a guilty plea, he waives all non-jurisdictional defenses and thereby fails to reserve the right to have the denial of his pretrial motion to

- 7 -

suppress reviewed. *See id.*; *Mabry v. Johnson,* 467 U.S. 504, 508, (1984) ("It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."), *abrogated on other grounds by Puckett v. United States,* --- U.S. ----, 129 S. Ct. 1423 (2009).

Yates does not allege his counsel was incompetent but contends the district court misled him when it said, "the Court will not restrict the defendant as to any appeal, whether that — whatever the appeal might be that you believe is appropriate. The Court does not suggest that the appeal will be appropriate. I'm just indicating that you can file the appeal . . . ." (R. Vol. 2, Doc. 106 at 12-13.) Yates argues this language reasonably led him to believe he had the right to appeal, inducing his guilty plea. For support, he cites *United States v. Rodriguez-Gonzales*, 386 F.3d 951 (10th Cir. 2004). This argument is unconvincing.

In *Rodriguez-Gonzales*, a defendant pled guilty after being informed in open court that he retained the ability to challenge the court's denial of his motion to suppress through habeas proceedings. *Id.* at 952-53. Because neither opposing counsel nor the court corrected this misstatement, we remanded and allowed the defendant to withdraw his guilty plea. *Id.* Yates, unlike the defendant in *Rodriguez-Gonzales*, was not materially misinformed of the consequences of his plea. The court stated it would not stop Yates from trying to appeal; it did not say Yates retained a right to appeal.[2] The

---

[2] Defendants frequently appeal even when they have waived the right to do so. Those appeals are uniformly dismissed. The court was correct – a defendant can always file a notice of appeal; whether it can withstand a motion to dismiss is another question entirely.

record reveals Yates' attorney clearly advised him how to preserve his appellate rights (through entering a conditional plea agreement with the government). Finally, the government stated, in no uncertain terms, it would not accept a conditional plea that reserved Yates' appellate rights unless it was reduced to writing.

Yates gave no indication that he was confused about his appellate rights when he unequivocally admitted the evidence against him was true. He rejected the government's proposed plea agreement (which would have reserved his right to appeal from the denial of his motion to suppress), ignored his attorney's advice, and entered an unconditional plea. He voluntarily and intelligently pled guilty because he did not "want to be binded to [the government's proposed] plea agreement." (R. Vol. 2, Doc. 106 at 3.) His decision had consequences, namely a waiver of his right to challenge the evidence he admitted was true.

**DISMISSED**.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge