**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 21, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

RAMIRO AVILA,

      Defendant-Appellant.

No. 12-3047

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. No. 6:10-CR-10152-EFM-04)**

---

Kari S. Schmidt of Conlee Schmidt & Emerson, LLP, Wichita, Kansas, for Defendant-Appellant.

James A. Brown, Assistant United States Attorney (Barry R. Grissom, United States Attorney, with him on the brief), Topeka, Kansas, for Plaintiff-Appellee.

---

Before **TYMKOVICH, EBEL,** and **HOLMES,** Circuit Judges.

---

**EBEL**, Circuit Judge.

**INTRODUCTION**

Ramiro Avila was charged with possession of a controlled substance with intent to distribute. After the district court denied Mr. Avila's motion to suppress, Mr. Avila entered an unconditional guilty plea to the charge. Mr. Avila seeks to appeal the denial of his motion to suppress. We have jurisdiction pursuant to 28 U.S.C. § 1291. See United States v. De Vaughn, 694 F.3d 1141, 1158 (10th Cir. 2012), cert. denied, 133 S. Ct. 2383 (U.S. 2013).

Because Mr. Avila entered an unconditional guilty plea, we consider whether Mr. Avila's plea was made knowingly and voluntarily. Mr. Avila contends that his plea was not knowing and voluntary because it was induced by the district court's statement that he would "still have a right to an appeal" if the court accepted his plea. We hold that when a court chooses to instruct a defendant that he has a right to appeal following the entry of an unconditional guilty plea, the court materially misinforms the defendant regarding the consequences of his plea when it fails further to advise him that the plea may limit that right. Under such circumstances, if the court tells defendant without qualification that he has a right to appeal, a defendant's plea is not knowing and voluntary.

In this case, the district court elected to advise Mr. Avila of his right to appeal following the entry of the plea, but did not ensure that Mr. Avila understood that his unconditional guilty plea could significantly limit his right to appeal. Thus, we hold that Mr. Avila was materially misinformed regarding the consequences of his plea, such that

his guilty plea was not knowing and voluntary. Accordingly, we vacate Mr. Avila's conviction and remand the case with directions for the district court to vacate its sentence and allow Mr. Avila to withdraw his guilty plea.[1]

## BACKGROUND

Mr. Avila was indicted for possession of a controlled substance with the intent to distribute, pursuant to 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Subsequently, Mr. Avila filed a motion to suppress relating to the drugs found in his dresser. Following an evidentiary hearing, the district court denied the motion. Mr. Avila sought to enter into a conditional plea agreement with the Government in order to preserve the right to appeal the denial of his motion to suppress, but the Government rejected Mr. Avila's offer. Ultimately, Mr. Avila elected to enter an unconditional guilty plea.

During the change-of-plea hearing, at which Mr. Avila was represented by counsel, the court informed Mr. Avila that he did not have to plead guilty and was entitled to a trial if he desired one. The court detailed the rights that Mr. Avila had if he elected to proceed to trial—including the right to a jury, the right to a speedy trial, the right to call witnesses, and the right to confront the Government's witnesses. The court also informed Mr. Avila, "If you were convicted, you'd have the right to an appeal." Dist. Ct. Doc. 185 at 10. The court then stated, "If you plead guilty this afternoon and if I

---

[1] Because we remand with instructions to allow Mr. Avila to withdraw his plea, we make no ruling concerning whether the district court properly denied Mr. Avila's motion to suppress.

3

accept your plea, you'll still have the right to an attorney and an interpreter . . . , and you'll still have the right to an appeal, but all of the other rights that I've explained to you you'll give up." Dist. Ct. Doc. 185 at 11. After its colloquy with Mr. Avila, the district court accepted and entered Mr. Avila's unconditional guilty plea.

On appeal, Mr. Avila claims that the district court erred in denying his motion to suppress. The Government counters that Mr. Avila's argument should not be considered because he entered an unconditional guilty plea that did not preserve his appellate rights. Mr. Avila responds by contending that the court should consider his claim because his plea was not knowing and voluntary.[2]

## DISCUSSION

"A guilty plea waives all defenses except those that go to the court's subject-matter jurisdiction and the narrow class of constitutional claims involving the right not to be haled into court." De Vaughn, 694 F.3d at 1153.[3] That is because "a counseled plea

---

[2] We note that Mr. Avila failed to raise this last argument in his opening brief. "[T]he omission of an issue in an opening brief generally forfeits appellate consideration of that issue." Bronson v. Swensen, 500 F.3d 1099, 1104 (10th Cir. 2007). But the Government does not argue that Mr. Avila forfeited his claim that his plea was not made knowingly and voluntarily. Indeed, at oral argument, the Government stated that it was appropriate for Mr. Avila to raise the argument in his reply brief in response to the Government's position that the unconditional plea precluded Mr. Avila's appeal of the denial of his motion to suppress. Thus, in this case, we do not consider the argument to be forfeited. But we note that, to aid the Court's consideration of this issue, the better practice would be for an appellant to address in its opening brief whether the plea was made knowingly and voluntarily.

[3] Specifically, "[a] narrow exception exists for two constitutional claims—due process claims for vindictive prosecution and double jeopardy claims that are evident from the

Continued . . .

4

of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case." Id. at 1151 (internal quotation marks omitted). Indeed, the U.S. Supreme Court has said that "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973).

But "when it develops that the defendant was not fairly apprised of its consequences . . . his plea [can] be challenged under the Due Process Clause." Mabry v. Johnson, 467 U.S. 504, 509 (1984) disapproved of on other grounds by Puckett v. United States, 556 U.S. 129 (2009). And "[t]he longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Fields v. Gibson, 277 F.3d 1203, 1213 (10th Cir. 2002) (internal quotation marks omitted). Under this standard, we have held that "[a] plea may be involuntary when an attorney materially misinforms the defendant of the consequences of the plea." Id. (internal quotation marks omitted).

In this case, we must consider whether Mr. Avila's plea was involuntary where the court arguably misinformed Mr. Avila that he would "still have the right to an appeal,"

_____

Cont.

face of the indictment." De Vaughn, 694 F.3d at 1145–46. Such claims are not at issue in this case.

5

Dist. Ct. Doc. 185 at 11, if the court accepted his unconditional guilty plea without disclosing the significant waiver effect of a guilty plea on any subsequent appeal. We hold that when a court elects to advise a defendant of his right to appeal following the entry of an unconditional guilty plea, the court materially misinforms the defendant when it advises him that he has the right to an appeal without ensuring that the defendant understands that the plea may limit that right in material ways. In such a case, the court's unqualified instruction that the defendant retains a right to appeal prevents the plea from "represent[ing] a voluntary and intelligent choice among the alternative courses of action open to the defendant," Fields, 277 F.3d at 1213, and therefore renders the defendant's plea unknowing and involuntary.

Indeed, in United States v. Rodriguez-Gonzalez, we held that, under similar circumstances, a defendant's guilty plea was not knowing and voluntary because a defendant was materially misinformed regarding his appellate rights following an unconditional guilty plea. 386 F.3d 951, 953 (10th Cir. 2004). In that case, the defendant argued on appeal that his "unconditional plea of guilty was not knowingly and voluntarily made because [the] defendant had been 'misadvised' by his trial counsel and the district court as to the consequences of an unconditional plea of guilty." Id. at 952. During the change-of-plea hearing,

> counsel advised the court that he had informed the defendant that by pleading guilty, he waived his right to a direct appeal of the denial of his motion to suppress, but that he could still, in a collateral proceeding under 28 U.S.C. § 2255, obtain appellate review of the district court's denial of his motion to suppress. The district court seemingly acquiesced in defense

counsel's statement. The district court did make inquiry of the government attorney, who was somewhat noncommittal as to defense counsel's statement that the defendant could obtain appellate review of the court's denial of his motion to suppress in a subsequent proceeding under § 2255.

Id. 952–53. We accepted the defendant's argument that his "guilty plea was not knowingly and voluntarily made and that he should be allowed to withdraw his plea of guilty, because he had been led to believe that he could raise the matter in a § 2255 proceeding, which, in fact and in law, he could not." Id. at 953. Accordingly, we remanded with instructions for the district court to allow the defendant to withdraw his plea. Id.

In contrast, in United States v. Yates, we held in an unpublished opinion that a defendant's plea was knowing and voluntary. 363 Fed. Appx. 670, 674 (10th Cir. 2010) (unpublished). In Yates, the defendant

> contend[ed] the district court misled him when it said [during the change-of-plea hearing], "the Court will not restrict the defendant as to any appeal, whether that—whatever the appeal might be that you believe is appropriate. The Court does not suggest that the appeal will be appropriate. I'm just indicating that you can file the appeal. . . ."

Id. We rejected the defendant's contention that "this language reasonably led him to believe he had the right to appeal, inducing his guilty plea." Id. We explained:

> [U]nlike the defendant in Rodriguez-Gonzales, [the defendant in Yates] was not materially misinformed of the consequences of his plea. The court stated it would not stop [the defendant] from trying to appeal; it did not say [the defendant] retained a right to appeal. The record reveals [the defendant's] attorney clearly advised him how to preserve his appellate rights (through entering a conditional plea agreement with the government). Finally, the government stated, in no uncertain terms, it would not accept a

7

conditional plea that reserved [the defendant's] appellate rights unless it was reduced to writing.

Id. (footnote omitted).

In this case, Mr. Avila argues that the "trial court's assurance i.e. misrepresentation, that the defendant would retain the right to appeal was material in the inducement of his unconditional plea of guilty." Aplt. Reply Br. at 2. We agree. Mr. Avila's situation is more like that of the defendant in Rodriguez-Gonzalez than the defendant in Yates. The district court correctly informed Mr. Avila that "[i]f you were convicted, you'd have the right to an appeal," but the court went on to state that "[i]f you plead guilty this afternoon and if I accept your plea . . . you'll still have the right to an appeal," Dist. Ct. Doc. 185 at 10-11. This suggested that Mr. Avila would have the same unlimited right to appeal following the entry of his plea as he would after a trial. The court included no contrary or limiting language such as was present in Yates.

Moreover, the record does not show that Mr. Avila's attorney properly advised him that an unconditional guilty plea would limit his right to appeal such that he would have waived any right to challenge the denial of his motion to suppress on appeal. Similarly, the Government did not make any statements during the change-of-plea hearing to indicate that Mr. Avila's right to appeal would be compromised by his guilty plea.

Under these circumstances, we hold that Mr. Avila was led, incorrectly, to believe that he would retain an unlimited right to appeal following his unconditional guilty plea.

8

Thus, Mr. Avila was materially misinformed regarding the consequences of his plea. And because he was "not fairly apprised of its consequences," see Mabry, 467 U.S. at 509, his plea did not "represent[] a voluntary and intelligent choice among the alternative courses of action," see Fields, 277 F.3d at 1213.

In reaching our conclusion in this appeal, we do not hold that a district court must advise a defendant concerning his right to appeal following the entry of an unconditional guilty plea. Indeed, although Federal Rule of Criminal Procedure 11(b)(1) requires the district court to "inform the defendant of, and determine that the defendant understands" several things, including any "terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence," id. 11(b)(1)(N) (emphasis added), the Rules do not explicitly require that the court inform a defendant that an unconditional guilty plea may limit the defendant's ability to appeal. We find this troubling, and suggest that the Rules Committee consider revising the rules to require the district court to advise a defendant, at least in a general way, that a guilty plea may prevent him from raising certain issues on appeal. But ultimately, the parties have not raised the issue whether the district court is affirmatively required to advise a defendant entering an unconditional guilty plea of his appellate rights, and we do not reach any holding regarding that issue today.

Instead, we hold only that, in a colloquy during a change-of-plea hearing, if the district court chooses to advise the defendant concerning his right to appeal following the

9

entry of the plea, the court must ensure that the defendant understands that his right to appeal may be limited by an unconditional guilty plea.

It is not the court's responsibility to anticipate the kinds of claims the defendant might bring on appeal or the possible impact of an unconditional guilty plea on such claims. Indeed, it is not the role of the court to provide legal advice to a criminal defendant. Cf. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant."); Fed. R. Crim. Pro. 11(c)(1) ("The court must not participate in [plea] discussions.").[4] Accordingly, if the district court elects to discuss the defendant's right to appeal, it is enough for the court to ensure that the defendant realizes that the unconditional guilty plea may result in some limitations on that right, and to confirm that the defendant has had an opportunity to discuss any such limitations with counsel.

The district court did not do so in this case. Instead, it stated that Mr. Avila would "still have the right to an appeal," Dist. Ct. Doc. 185 at 11, without noting that the unconditional guilty plea might limit that right and without ensuring that defense counsel had discussed such limitations with Mr. Avila. Because the district court's statements to Mr. Avila suggested, incorrectly, that he would retain an unlimited right to appeal after

---

[4] Mr. Avila argues in his reply brief that the court should be permitted to participate in plea negotiations, and that the Government should not be permitted to deny a request for a conditional plea agreement that would preserve the right to appellate review. At oral argument, the Government contended that we should not address these arguments because they were not raised in Mr. Avila's opening brief. See Bronson, 500 F.3d at 1104. We agree.

10

he entered an unconditional guilty plea, we hold that Mr. Avila was materially misinformed regarding the consequences of his plea such that the plea was not knowing and voluntary.

## CONCLUSION

We hold that a district court materially misinforms a defendant of the consequences of an unconditional guilty plea when it advises the defendant that he has the right to an appeal following an unconditional guilty plea without ensuring that the defendant understands that the plea may limit that right. In this case, because the district court informed Mr. Avila that he would retain a right to appeal following the entry of his plea without ensuring that Mr. Avila understood that his plea might limit that right, we hold that Mr. Avila's plea was not knowing and voluntary. Accordingly, instead of considering the denial of Mr. Avila's motion to suppress, we vacate Mr. Avila's conviction and remand with instructions for the district court to allow Mr. Avila to withdraw his guilty plea.

VACATED.