**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

FROYLAN GANDARA-DELGADO,

     Defendant - Appellant.

No. 15-2131
(D.C. No. 2:15-CR-00896-RB-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

Defendant Froylan Gandara-Delgado was indicted in March 2015 on a charge of unlawful entry by a previously removed alien. *See* 8 U.S.C. § 1326. After unsuccessfully moving to dismiss the indictment on the ground that he had been denied due process when he had previously been removed, Defendant entered an unconditional plea of guilty. He now appeals the denial of his motion to dismiss. The government responds that his guilty plea waived his right to appeal the denial. We agree.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

"A guilty plea waives all defenses except those that go to the court's subject-matter jurisdiction and the narrow class of constitutional claims involving the right not to be haled into court. That is because a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case." *United States v. Avila*, 733 F.3d 1258, 1261 (10th Cir. 2013) (citation and internal quotation marks omitted). Although a defendant, with the consent of the court and the government, may enter a conditional plea, reserving the right to appeal an adverse ruling on a pretrial motion, *see* Fed. R. Crim. P. 11(a)(2), that was not done here.

Defendant has filed no response to the government's waiver argument, and we see no basis for a response. A review of the record indicates that his plea was knowing and voluntary, and his motion to dismiss did not challenge the district court's jurisdiction to hear the case or raise a claim that he could not be haled into court. *See United States v. De Vaughn*, 694 F.3d 1141, 1145–46 (10th Cir. 2012) (nonjurisdictional challenges are limited to claims of vindictive prosecution and double jeopardy); *Avila*, 733 F.3d at 1261 n.3 (same).

## CONCLUSION

We therefore AFFIRM the judgment below.

Entered for the Court

Harris L Hartz
Circuit Judge

2