FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 23 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50108 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00611-JHN-1 |
| v. | |
| CYPRIAN O. ADOH, Sr., | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Jacqueline H. NGUYEN, District Judge, Presiding

Argued and Submitted October 9, 2012
Pasadena, California

Before: EBEL,** FERNANDEZ, and BERZON, Circuit Judges.

Cyprian O. Adoh appeals from his sentence imposed following a guilty plea

to one count of conspiracy to commit health care fraud in violation of 18 U.S.C. §

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable David M. Ebel, Senior Circuit Judge for the Tenth Circuit, sitting by designation.

1349. Adoh contends that his plea was not knowing and voluntary because the district court did not inform him that upon conviction he was subject to mandatory exclusion from participation in federally funded health programs under 42 U.S.C. § 1320a-7(a)(3).

Because Adoh did not raise this argument before the district court, we review for plain error. *E.g.*, *United States v. Delgado-Ramos*, 635 F.3d 1237, 1238 (9th Cir. 2011) (per curiam). Under the plain error standard as applied to a guilty plea, Adoh "must show a reasonable probability that, but for [any] error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

Adoh has not demonstrated a reasonable probability that he would not have pled guilty had he been informed of the exclusion of which he now complains. Section 1320a-7(a)(3) bars an individual convicted of a health care fraud felony from being paid by a federally funded health program for providing products or services. *See* 42 C.F.R. § 1001.1901(b). The exclusion at issue forecloses Adoh from only one form of employment. There is no evidence that Adoh ever legitimately participated in providing any Medicare services, and he has held several jobs not barred by the statutory exclusion: Before becoming involved with the Medicare-fraud scheme for which he was convicted, Adoh worked as a social

2

worker and as a probation officer. He also has a bachelor's degree in marketing. Although he suffers from various medical conditions that limit his career options, there is no reason to conclude that he saw providing medical products to federally funded health care programs as an important, legitimate means for him to derive income upon release from prison. Knowledge of the exclusion therefore would not likely have made a difference to Adoh's decision to plead guilty.

Further, by pleading guilty, Adoh was exposed to a far shorter prison sentence, 10 years, than the 84 year statutory maximum to which he was exposed if convicted of all ten counts for which he was indicted. Also, because the government dismissed both counts of aggravated identity theft under the plea agreement, Adoh avoided a mandatory minimum sentence of two years that would have run consecutively to any other sentence imposed. *See* 18 U.S.C. § 1028A(b)(2). The government also agreed in the plea agreement to forgo the argument that Adoh's sentencing guidelines range should be based on the amount his company billed Medicare, $8,109,985, rather than the amount Medicare actually paid, $3,675,339. The government's stipulation effectively lowered Adoh's guidelines sentence by two levels. *See* U.S.S.G. § 2B1.1(b)(1)(J) (18-level increase for fraud causing loss greater than $2,500,000); *id.* § 2B1.1(b)(1)(K) (20-level increase for fraud causing loss greater than $7,000,000); *id.* cmt. 3(A)

("Subject to . . . exclusions [not applicable here], loss is the *greater* of actual loss or intended loss.") (emphasis added).  Finally, the government agreed to a three-level downward adjustment of the applicable sentencing guidelines offense, based on Adoh's acceptance of responsibility.  The net effect of the 18-level, rather than 20-level increase, and the three-level downward adjustment, was a recommended guidelines range of 70-87 months, rather than a range of 121-151 months – a range that could have yielded the statutory maximum sentence of 10 years for the single count to which Adoh pled guilty.  For these reasons, the plea was of substantial benefit to Adoh.  There is no reasonable probability he would have given up the opportunity to serve years less in prison for the opportunity to pursue an extremely narrow range of legitimate economic activities which he had never pursued before.

Because Adoh has not substantiated that there is a reasonable probability that knowledge of the healthcare billing exclusion would have changed his guilty plea, he has not demonstrated that any error "affected his substantial rights."  There was no plain error.  *See Delgado-Ramos*, 635 F.3d at 1241; *cf. United States v. Littlejohn*, 224 F.3d 960, 969 (9th Cir. 2000).

**AFFIRMED.**