# FILED

OCT 24 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50390 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00917 GAF |
| v. | |
| MIGUEL VALEDON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Gary Allen Feess, District Judge, Presiding

Argued and Submitted October 10, 2012
Pasadena, California

Before: PREGERSON and W. FLETCHER, Circuit Judges, and BENNETT,

District Judge.[**]

Appellant Miguel Valedon (nka Luis Rodriguez Ortega) pleaded guilty,

pursuant to a plea agreement that was not binding on the district court, to one count

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Mark W. Bennett, District Judge for the U.S. District Court for the Northern District of Iowa, sitting by designation.

of knowingly possessing a false identification document with intent to use it to defraud the United States, in violation of 18 U.S.C. § 1028(a)(4), and three counts of knowingly presenting false tax returns to the United States, knowing them to be fraudulent, in violation of 18 U.S.C. §§ 287 and 2. Valedon and others used false identification documents to open mailboxes in California and Illinois, identified certain Puerto Rican citizens as authorized mail recipients at those boxes, submitted false federal income tax returns in the names of those persons claiming earned income credits, and received the refunds at the mailboxes. Valedon now challenges his 57-month sentence as improperly enhanced by the "intended loss" and "sophisticated means" of the entire scheme in which he was involved and as substantively unreasonable. He also challenges his conviction, because the district court advised him that his conviction "could" have immigration consequences, not that such consequences were mandatory.

We have jurisdiction pursuant to 18 U.S.C. § 3742(a)(2) and 28 U.S.C. § 1291. We review only for plain error, because Valedon did not raise any of his challenges below. *United States v. Rangel*, ___ F.3d ___, ___, 2012 WL 4857207, *3 (9th Cir. Oct. 15, 2012). We have repeatedly observed that "[o]nly a procedurally erroneous or substantively unreasonable sentence should be set aside." *Rangel*, ___ F.3d at ___, 2012 4857207, *3; *United States v. Collins*, 684

F.3d 873, 887 (9th Cir. 2012). Thus, we review sentences in two steps, first for procedural error, then, if there is no procedural error, for substantive unreasonableness. *Collins*, 684 F.3d at 886. There was no error, plain or otherwise, in Valedon's sentence.

Although a sentencing court may not "automatically hold an individual responsible for losses attributable to the entire conspiracy," the district court here properly determined that the intended loss of $5.4 million "fell within the scope of the defendant's agreement with his co-conspirators and was reasonably foreseeable to the defendant." *United States v. Treadwell*, 593 F.3d 990, 1003 (9th Cir. 2010); U.S.S.G. § 1B1.3 cmt. 2. Adequate explanation for the amount of loss can be inferred from the PSR on which the district court explicitly relied. *See Collins*, 684 F.3d at 887. The PSR noted the requirements for sentencing liability for joint activity and Valedon's admissions that the scope of the conspiracy exceeded the actual refunds issued by the IRS, including claims for over $5.4 million. The PSR also gave rise to inferences of foreseeability of the entire intended loss from findings that Valedon was aware that he was not the only person involved in renting mailboxes in either California or Illinois or in filing fraudulent tax returns. Rule 32 of the Federal Rules of Criminal Procedure did not require more, because Valedon did not dispute these facts in the PSR, and these facts satisfy the

government's burden to prove the applicability of the enhancement. *Compare United States v. Showalter*, 569 F.3d 1150, 1160 (9th Cir. 2009) (holding that the PSR contained insufficient explanation for its finding on the number of victims to satisfy the government's burden).

The district court also did not err by enhancing Valedon's sentence for "sophisticated means" or in failing to recognize its discretion under *Pepper v. United States*, 131 S. Ct. 1229 (2011), to balance the policies behind the "sophisticated means" and "minor role" adjustments to arrive at an appropriate sentence. Then-U.S.S.G. § 2B1.1(b)(9)(C) does not require the defendant to be responsible for designing the "sophisticated means" of the scheme, only that he engaged in a scheme involving such means. The district court considered both whether the scheme involved "sophisticated means" and Valedon's role in the offense ("average" rather than "minor"), and we have concluded that conduct similar to Valedon's use of stolen identities and fake identification documents to rent mailboxes and to effectuate a tax fraud scheme in two jurisdictions was use of "sophisticated means." *Cf. United States v. Aragbaye*, 234 F.3d 1101, 1108 (9th Cir. 2000), *superseded by statute on other grounds, United States v. McEnry*, 659 F.3d 893 (9th Cir. 2011).

4

Valedon's "substantive unreasonableness" challenge to his sentence simply reiterates his procedural error arguments. He has not identified any respect in which, notwithstanding that the district court correctly considered and applied the guidelines and the § 3553(a) factors, his sentence is greater than necessary to accomplish the goals of sentencing in light of the totality of the circumstances. *See Collins*, 684 F.3d at 887. Therefore, we affirm Valedon's sentence.

As to Valedon's conviction, the district court's advice that there "could" be immigration consequences to his conviction, not that such consequences were mandatory, did not violate due process or Rule 11 or render his plea involuntary and unknowing. *See United States v. Amador-Leal*, 276 F.3d 511 (9th Cir. 2002). The Supreme Court's decision in *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), does not require a different result. *See United States v. Delgado-Ramos*, 635 F.3d 1237 (9th Cir. 2011) (per curiam).

Valedon's arguments that *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), overrule circuit precedent and require a different result on either his conviction or his sentence are incorrect. The plea agreement expressly states that it is not binding on the court, and the government's concessions about Valedon's role in the offense are not concessions that the intended loss of the entire scheme was not attributable to Valedon. Moreover,

*Frye* and *Lafler* do not change the fact that the district court did not err by advising

Valedon that there "could" be immigration consequences to his conviction. *See*

*Delgado-Ramos*, 635 F.3d at 1238-39.

AFFIRMED.