# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 5, 2013

No. 12-40823
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE ALBERTO DE LA CRUZ-TREJO, also known as Jose Ramirez-Martinez, also known as Juan Antonio Rodriguez-Trejo

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:12-CR-188-1

Before SMITH, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jorge Alberto De La Cruz-Trejo pleaded guilty to being unlawfully present in the United States following removal subsequent to a felony conviction. The district court sentenced him to a term of 40 months in prison to be followed by three years of supervised release. De La Cruz-Trejo appeals, arguing that the failure of the court to admonish him that his conviction would result in his inability to seek naturalization rendered his plea involuntary.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40823

Because De La Cruz-Trejo failed to raise this issue in the district court, we review for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). De La Cruz-Trejo relies on *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 1482-87 (2010), which held that an attorney has an obligation under the Sixth Amendment to advise the defendant whether a guilty plea carries the risk of deportation. We have yet to address whether *Padilla*–which addressed counsel's duties under the Sixth Amendment rather than a district court's obligation under Rule 11 and the Due Process Clause–affects our established jurisprudence that a district court is not required to advise a defendant of the immigration consequences of a guilty plea. *See United States v. Osiemi*, 980 F.2d 344, 349 (5th Cir. 1993). No other circuit has held that *Padilla* imposes any such obligation on the district court, and at least one circuit has held to the contrary. *United States v. Delgado-Ramos*, 635 F.3d 1236, 1240-41 (9th Cir. 2011). Thus, we conclude that any error there may have been is not clear or obvious. *See United States v. Garcia-Rodriguez*, 415 F.3d 452, 456 (5th Cir. 2005).

In addition, De La Cruz-Trejo has failed to show an effect on his substantial rights, an issue we analyze in light of the whole record. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). The magistrate judge advised De La Cruz-Trejo that it was almost a "guarantee" that he would be deported and would not be permitted to return to the United States legally. Further, the presentence report expressly stated that De La Cruz-Trejo faced denial of naturalization, yet De La Cruz-Trejo made no objection that the lack of such information at rearraignment affected his plea. Given these facts, De La Cruz-Trejo cannot show–and, in fact, does not assert–that there is a reasonable probability that, but for the magistrate judge's failure to state that his conviction would preclude him from seeking naturalization, he would have gone to trial instead of pleading guilty. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

The judgment of the district court is AFFIRMED.