NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50204 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-05389-BEN |
| v. | |
| RAUL CORTES-RIOS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted September 24, 2013[**]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Raul Cortes-Rios appeals from the district court's judgment and challenges

the 57-month sentence imposed following his guilty-plea conviction for attempted

entry after deportation, in violation of 8 U.S.C. § 1326.  We dismiss.

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

The government argues that this appeal is barred by a valid appeal waiver. We review de novo whether a defendant has waived his right to appeal. *See United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009).

Cortes-Rios contends that the appeal waiver is unenforceable because the district court violated Federal Rule of Criminal Procedure 11 and his constitutional rights. We disagree.

The district court did not violate Rule 11 by failing to advise Cortes-Rios that he would be subject to deportation following his guilty plea. *See United States v. Delgado-Ramos*, 635 F.3d 1237, 1241 (9th Cir. 2011) (per curiam). As to Cortes-Rios's contention that the district court violated Rule 11(b)(1)(E) by failing to advise him of his right to testify at trial, Cortes-Rios did not object to this error in the district court and he has not shown a reasonable probability that, but for the error, he would not have entered the plea. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). Finally, the sentencing proceedings did not violate Cortes-Rios's Fifth or Sixth Amendment rights.

Because the appeal waiver applies and is enforceable, we dismiss. *See Watson*, 582 F.3d at 988.

**DISMISSED.**

12-50204