**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

ERNESTO FIGUEROA CHAVEZ,

        Defendant - Appellant.

No. 11-50367

D.C. No. 2:10-cr-01083-SVW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted October 15, 2013[**]

Before: FISHER, GOULD, and BYBEE, Circuit Judges.

Ernesto Figueroa Chavez appeals from the district court's judgment and

challenges his guilty-plea conviction and four-year sentence for conspiracy to

engage in the business of dealing in firearms without a license, in violation of 18

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. §§ 371 and 3571(b)(3). We have jurisdiction under 28 U.S.C. § 1291, and we affirm the conviction but vacate and remand for resentencing.

Figueroa Chavez contends that his plea was invalid because the district court erred by allegedly failing to advise him of the full immigration consequences of his plea, including a potential 20-year bar to reentry. This argument fails because the district court has no obligation to make this advisement. *See United States v. Delgado-Ramos*, 635 F.3d 1237, 1238, 1241 (9th Cir. 2011) (per curiam) (district court does not have a duty "to inform a defendant of the immigration consequences of his plea"). Contrary to Figueroa Chavez's argument, nothing in *Chaidez v. United States*, 133 S. Ct. 1103 (2013), undermines *Delgado-Ramos.*

Figueroa Chavez next contends that the district court committed procedural error at sentencing when it failed to calculate the Guidelines range. We review for plain error. *See United States v. Waknine*, 543 F.3d 546, 551 (9th Cir. 2008). The district court's failure to calculate the applicable Guidelines range constituted "significant procedural error." *Gall v. United States*, 552 U.S. 38, 51 (2007). Because the custodial sentence here was 21 months above the top of the advisory Guidelines range calculated by the presentence report, we cannot conclude that the court would have imposed the same sentence absent the error. Accordingly, we vacate the sentence and remand for resentencing so that the district court's analysis

can proceed from "an initial determination of the correct Guidelines range."

*United States v. Munoz-Camarena*, 631 F.3d 1028, 1031 (9th Cir. 2011) (per curiam); *see also United States v. Hammons*, 558 F.3d 1100, 1105-06 (9th Cir. 2009) (district court's failure to calculate the correct Guidelines range was plain error).

In light of our decision, we do not reach Figueroa Chavez's remaining challenges to his sentence.

**AFFIRMED in part; VACATED and REMANDED for resentencing.**

11-50367