# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-41318
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 6, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PEDRO IBARRA-LOERA,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:09-CR-49-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Pedro Ibarra-Loera appeals his guilty-plea conviction and sentence for possession with intent to distribute methamphetamine. He argues that an appeal-waiver provision contained in his plea agreement is unenforceable because the district court informed him that he could appeal an illegal sentence and that his plea bargain was illusory because he did not benefit from the agreement as he expected. He asserts that his plea was uninformed because

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-41318

the magistrate judge who accepted the plea did not inform him of the full immigration consequences of pleading guilty, including the fact that he would not be eligible for naturalization.  He argues for the adoption of pattern instructions concerning appeal waivers, and he urges that we revisit our decision in *United States v. Melancon*, 972 F.2d 566, 567-68 (5th Cir. 1992), with respect to the types of errors that can be waived.  He argues that his sentence was unreasonable in light of the sentence contemplated by the plea agreement and that it was imposed as a result of the district court's bias against noncitizens.

The Government has moved for summary dismissal based on the appeal waiver in the plea agreement.  In the alternative, the Government requests an extension of time to file its appellate brief.  Ibarra-Loera has moved for leave to file an out of time response to the motion to dismiss.

The record shows that Ibarra-Loera knowingly and voluntarily agreed to the appeal waiver and that he understood that the sentencing stipulations in the plea agreement were not binding on the district court.  His contentions concerning the appeal waiver are frivolous.  *See United States v. Bond*, 414 F.3d 542, 544 & n.4 (5th Cir. 2005).  His assertion that the magistrate judge's advice concerning the immigration consequences of his plea was inadequate in light of *Padilla v. Kentucky*, 559 U.S. 356, 365-67 (2010), fails to show reversible plain error.  *See United States v. De La Cruz-Trejo*, 518 F. App'x 286, 286 (5th Cir. 2013).  Ibarra-Loera's other arguments, which concern his sentencing, are barred by the appeal waiver.  *See Bond*, 414 F.3d at 544.

Consequently, the Government's motion for summary dismissal and Ibarra-Loera's motion to file a response out of time are GRANTED; the Government's alternative motion for an extension of time is DENIED; and the appeal is DISMISSED AS FRIVOLOUS.