# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11385
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 21, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO VIVEROS-HERNANDEZ, also known as Mario Viveres-Hernandez,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-104-3

Before KING, JOLLY, and PRADO, Circuit Judges.

PER CURIAM:[*]

Mario Viveros-Hernandez appeals his guilty plea conviction and sentence for conspiracy to possess with intent to distribute a controlled substance. He raises four claims of error on appeal.

First, Viveros-Hernandez contends that he entered an involuntary guilty plea because the district court did not comply with Federal Rule of Criminal Procedure 11 at his rearraignment. Specifically, he notes the court's failure to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ask whether his plea was the result of force or threats and to advise that he could be denied admission to the United States if he pleaded guilty. Viveros-Hernandez has shown no clear or obvious error. *See United States v. De La Cruz-Trejo*, 518 F. App'x 286, 287 (5th Cir. 2013); *United States v. Henry*, 113 F.3d 37, 41-42 (5th Cir. 1997). Even if he had, the record does not indicate that, but for the district court's omissions, there is a reasonable probability he would not have pleaded guilty. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). Therefore, he has not shown that his substantial rights were affected, and he cannot prevail on plain error review. *See id.*

Second, Viveros-Hernandez contends that the district court abused its discretion by sua sponte continuing his sentencing hearing. Because the continuance permitted the district court to obtain accurate and complete drug quantity information on which Viveros-Hernandez's offense level was based, he has not shown the requisite prejudice. *See United States v. Correa-Ventura*, 6 F.3d 1070, 1074 (5th Cir. 1993). Accordingly, the district court's decision to grant a continuance was not an abuse of discretion. *See id.*

Third, Viveros-Hernandez contends that the district court clearly erred in declining to award a minor role adjustment of his offense level because he acted solely as a courier on only one day of the eight-month conspiracy. The record indicates that Viveros-Hernandez's role was "coextensive with the conduct for which he was held accountable." *See United States v. Garcia*, 242 F.3d 593, 598 (5th Cir. 2001). Moreover, unrebutted statements in the presentence report and addenda indicate that Viveros-Hernandez was no less culpable than his co-defendants and more involved in the conspiracy; transported 558.1 grams of methamphetamine from Houston to Dallas; met his co-conspirators in a motel parking lot; helped retrieve the drugs from his trunk; and drove to an adjacent parking lot to watch the next drug transaction.

No. 13-11385

The denial of a role reduction was "plausible in light of the record read as a whole." *United States v. Silva-De Hoyos*, 702 F.3d 843, 846 (5th Cir. 2012); *see also United States v. Franklin*, 561 F.3d 398, 407 (5th Cir. 2009). Accordingly, we find no clear error.

Finally, Viveros-Hernandez argues that his bottom-of-the-guidelines sentence is substantively unreasonable because it does not account for his history and characteristics, the nature and circumstances of his offense, the need to avoid unwarranted sentencing disparities between similarly situated persons, and the kinds of sentences available. We decline Viveros-Hernandez's invitation to reweigh the 18 U.S.C. § 3553(a) factors because the district court was "in a superior position to find facts and judge their import under § 3553(a)." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Furthermore, Viveros-Hernandez has not shown that the challenged difference between his sentence, which was based on accurate drug quantity information, and his co-conspirator's sentence, which was not, is the type of unwarranted sentencing disparity that Congress sought to eliminate under § 3553(a)(6). *See Pepper v. United States*, 131 S. Ct. 1229, 1248-49 (2011). Viveros-Hernandez fails to rebut the presumption that his within-guidelines sentence is substantively reasonable. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Accordingly, the judgment of the district court is AFFIRMED.