**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 11 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10216 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-00223-JSW-1 |
| v. | |
| AARON DAVID PEREZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted June 14, 2018
Submission Vacated July 11, 2018
Resubmitted July 3, 2019
San Francisco, California

Before: SILER,** PAEZ, and IKUTA, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Aaron Perez appeals the district's court denial of his motion to dismiss his federal indictment and his sentence of 61 months' imprisonment, followed by three years of supervised release. We have jurisdiction under 28 U.S.C. § 1291.[1]

Because the Supreme Court has reaffirmed the dual sovereignty doctrine, *see Gamble v United States*, No. 17-646 (June 17, 2019), we reject Perez's argument that the Double Jeopardy Clause barred the United States from prosecuting him.

We have declined to extend *Padilla v. Kentucky*, 559 U.S. 356 (2010), beyond the Sixth Amendment context, *see United States v. Delgado-Ramos*, 635 F.3d 1237, 1241 (9th Cir. 2011), thus fatally undercutting Perez's argument that *Padilla* establishes a general rule that the federal government has a duty to warn a defendant in the successive prosecution context. Nor does Perez point to any other opinion supporting his argument that the government violated his due process rights by failing to warn him during state court proceedings that it planned to undertake a federal prosecution, and we have not found one. Accordingly, we reject this claim.

Finally, the district court did not procedurally err in its treatment of Perez's evidence of purported racial disparities in successive prosecutions. The court did

---

[1] We address the remaining issues in a concurrently filed opinion, *United States v. Perez*, ___ F. 3d. ___ (9th Cir. 2018).

not abuse its discretion in holding that any conclusion of widespread racial disparity based on Perez's "anecdotal information," about four successive prosecutions involving African American defendants over a five year period, would be "speculation," as there "may be a myriad of reasons" why an individual defendant is subject to successive prosecution.

**AFFIRMED.**