**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 3, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

MARCOS CESAR RAMIREZ-SOSA,

     Defendant - Appellant.

No. 13-2110
(D.C. No. 2:12-CR-03088-BRB-1)
(D. N. M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HOLMES,** and **MATHESON**, Circuit Judges.

## I.  **INTRODUCTION**

Defendant Marcos Cesar Ramirez-Sosa pled guilty to one count of reentry of a

removed alien in violation of 8 U.S.C. §§ 1326(a) and (b).  The district court sentenced

---

    *After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

him to 57 months in prison and imposed a $100 criminal penalty. Mr. Ramirez-Sosa filed a timely notice of appeal. After a diligent search of the record, Mr. Ramirez-Sosa's counsel determined there are no issues that could support an appeal. She therefore filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and finding no meritorious issues after reviewing the record, we dismiss the appeal and deny Mr. Ramirez-Sosa's motion for appointment of new counsel. We also grant counsel's motion to withdraw.

## II. **BACKGROUND**

On September 29, 2012, Mr. Ramirez-Sosa was arrested for illegal reentry in Luna County, New Mexico. Mr. Ramirez-Sosa waived indictment, and he was charged by criminal complaint on October 1, 2012, with one count of reentry of a removed alien in violation of 8 U.S.C. §§ 1326(a) and (b). He pled guilty to an information charging the same offense on December 5, 2012, without the benefit of a plea agreement.

In preparation for Mr. Ramirez-Sosa's sentencing, the Probation Office completed a presentence report ("PSR"). The PSR determined that Mr. Ramirez-Sosa's base offense level under the Sentencing Guidelines ("Guidelines") for illegally entering the country is 8. *See* U.S.S.G. § 2L1.2(a); PSR at 4,¶ 14. The PSR added 16 levels because Mr. Ramirez-Sosa was previously deported and his prior felony conviction for attempted sexual assault of a minor constituted a "crime of violence" under the Guidelines. *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii) & n.1(B)(iii); PSR at 4-5, ¶ 14. The PSR reduced his

-2-

offense level by 3 because he accepted responsibility and pled guilty. *See* U.S.S.G. § 3E1.1(a)-(b); PSR at 5-6, ¶¶ 20-21. Thus, the PSR concluded that Mr. Ramirez-Sosa's offense level should be 21. PSR at 6, ¶ 22. The PSR attributed 8 criminal history points to Mr. Ramirez-Sosa because of 3 previous convictions and because he committed the current crime while under a criminal sentence for one of these previous convictions. PSR at 6-9, ¶¶ 24-31. This established a criminal history category of IV, which combined with his offense level of 21, placed Mr. Ramirez-Sosa's Guidelines range at 57 to 71 months. PSR at ¶¶ 31, 50. Mr. Ramirez-Sosa did not object to the PSR.

Before sentencing, Mr. Ramirez-Sosa filed a sentencing memorandum seeking either a downward departure or a downward variance from his Guideline range. In particular, he requested a downward departure under U.S.S.G. § 5K2.12, which allows a departure because of duress or coercion "under circumstances not amounting to a complete defense." Mr. Ramirez contended he was entitled to this departure because violence directed against him and his family members by a Mexican drug cartel forced his return to the United States. Mr. Ramirez-Sosa also sought a downward variance based on application of the factors listed in 18 U.S.C. § 3553(a) to the facts of his case.

At the sentencing hearing, the district court rejected both of Mr. Ramirez-Sosa's requests. The court first denied his request for a downward departure based on duress or coercion because "[n]o one ordered [him] to re-enter the United States or face retribution," and choosing to reenter the United States because of "his belief that he would be safer here" was "not duress in the usual legal sense of the word." ROA, Vol. II

at 7.

The court then denied Mr. Ramirez-Sosa's request for a downward variance. The court acknowledged that the Guideline range is advisory and that it had discretion to vary downward from that range. The court also stated that it had considered the § 3553(a) factors, including Mr. Ramirez-Sosa's history and characteristics and the need to provide just punishment. It then declined to vary Mr. Ramirez-Sosa's sentence downward because his criminal history included convictions for driving under the influence and attempted sexual assault of a child, he had been removed from the United States three times and nonetheless chose to return, and his case was within the "heartland" of reentry cases. ROA, Vol. II at 7-10. After hearing allocution from Mr. Ramirez-Sosa, the court adopted the PSR's recommendations and sentenced him to 57 months in prison—the bottom of his Guideline range.

Mr. Ramirez-Sosa filed a timely notice of appeal on June 11, 2013. His counsel then filed an *Anders* brief and a motion to withdraw, stating that she was "unable to identify any non-frivolous issues to raise" on appeal. Aplt. Br. at 1. Mr. Ramirez-Sosa was notified of his counsel's *Anders* motion, and filed a motion requesting new counsel. The Government informed the court that it would not oppose the *Anders* motion.

## III. **DISCUSSION**

A. *Standard of review and applicable law*

Pursuant to *Anders*, counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly

-4-

frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005).

> Under *Anders*, counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*Id.* (citing *Anders*, 386 U.S. at 744).

The potential issues for appeal concern Mr. Ramirez-Sosa's sentence. "[T]his Court reviews sentences for reasonableness, as informed by the 18 U.S.C. § 3553(a) sentencing factors." *United States v. Montgomery*, 550 F.3d 1229, 1233 (10th Cir. 2008); *see also Gall v. United States*, 552 U.S. 38, 51 (2007). This review consists of two components: procedural and substantive reasonableness. *See Gall*, 552 U.S. at 51.

We review the procedural reasonableness of a sentence for abuse of discretion. *Id.* Review of a sentence's procedural reasonableness assesses whether the district court failed to calculate or improperly calculated the Guidelines range, treated the Guidelines as mandatory, did not consider the factors under § 3553(a), based the sentence on clearly erroneous facts, or did not adequately explain the chosen sentence. *Id.* "The sentencing court, however, is not required to consider individually each factor listed in § 3553(a), nor is it required to recite any magic words to show us that it fulfilled its responsibility to be mindful of the [§ 3553(a)] factors . . . ." *United States v. Cordova*, 461 F.3d 1184, 1189 (10th Cir. 2006) (quotations omitted).

We also review the substantive reasonableness of a sentence for abuse of

-5-

discretion. *Gall*, 552 U.S. at 51. In doing so, we evaluate "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Reyes-Alfonso*, 653 F.3d 1137, 1145 (10th Cir. 2011) (quotations omitted), *cert. denied*, 132 S. Ct. 828 (2011); *see also Gall*, 552 U.S. at 51. A sentence is substantively unreasonable if it "exceed[s] the bounds of permissible choice, given the facts and the applicable law." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007) (quotations omitted). If a sentence is within the properly calculated Guidelines range, we presume it to be substantively reasonable. *See Reyes-Alfonso*, 653 F.3d at 1145.

B. *Application*

After conducting a full review of the record, we agree with Mr. Ramirez-Sosa's counsel that it indicates no meritorious issues that may be appealed. The *Anders* brief considers four challenges to Mr. Ramirez-Sosa's sentence—three procedural and one substantive: (1) that Mr. Ramirez-Sosa's conviction for attempted sexual abuse of a child does not constitute a "crime of violence" under § 2L1.2(b)(1)(A)(ii); (2) that the district court erred in denying his motion for a downward departure based on duress under § 5K2.12; (3) that the district court did not adequately explain its reasons for choosing the sentence; and (4) that Mr. Ramirez-Sosa's sentence was substantively unreasonable.[1] *See*

---

[1] Mr. Ramirez-Sosa's counsel also observes that there are "no non-frivolous issues regarding Mr. Ramirez-Sosa's guilty plea" because he pled guilty in front of a magistrate judge pursuant to the procedures followed in Fed. R. Crim. P. 11(b). Aplt. Br. at 5 n.3.

Continued . . .

Aplt. Br. at 5.  None of these potential challenges has merit.

First, our precedent forecloses any argument that Mr. Ramirez-Sosa's prior conviction for attempted sexual assault of a child, in violation of Colo. Rev. Stat. § 18-3-405(1), is not a "crime of violence" under § 2L.1.2(b)(1)(A)(ii).  The Guidelines define "crime of violence" as including "sexual abuse of a minor."  U.S.S.G. § 2L1.2(b)(1)(A)(ii) cmt. n.1(B)(iii).  In *United States v. De La Cruz-Garcia*, 590 F.3d 1157 (10th Cir. 2010), we held that this "Colorado statute criminalizes only activity that qualifies as sexual abuse of a minor, and thus meets the definition of crime of violence" under § 2L.1.2.  *Id.* at 1160 (quotations omitted).  Accordingly, Mr. Ramirez-Sosa has no meritorious ground for appealing the 16-level sentencing enhancement based on his prior state conviction.

Second, the district court's determination that Mr. Ramirez-Sosa was not entitled to a downward departure due to duress or coercion is unreviewable.  Although we may evaluate the reasonableness of a sentence on appeal, we lack "jurisdiction to review the district court's discretionary decision to deny a downward departure."  *United States v. Chavez-Diaz*, 444 F.3d 1223, 1229 (10th Cir. 2006); *accord United States v. Sierra-Castillo*, 405 F.3d 932, 936 (10th Cir. 2005).  In this case, the sentencing court considered Mr. Ramirez-Sosa's request for a departure but concluded that his fear of

His counsel further notes that at the sentencing hearing, the court addressed Mr. Ramirez-Sosa personally to ensure that his guilty plea was knowing and voluntary before formally accepting the plea. *Id.*  After reviewing the record, we agree. *See* Clerk's Minutes dated December 5, 2012, ECF No. 13; ROA, Vol. II at 3-5.

remaining in Mexico was "not a sufficient justification, in [the court's] opinion, for a departure under [§] 5K2.12." ROA, Vol. II at 7. We have no jurisdiction to consider this issue on appeal.

Third, the district court adequately explained its reasons for choosing the sentence it imposed. "[W]here a district court imposes a sentence falling within the range suggested by the Guidelines, Section 3553(c) requires the court to provide only a general statement of the reasons for its imposition of the particular sentence." *United States v. Benally*, 541 F.3d 990, 996 (10th Cir. 2008) (quotations omitted). In this case, the court discussed its reasoning in open court for imposing the 57-month prison term, which falls at the bottom of Mr. Ramirez-Sosa's Guideline range. The court did not treat the Guidelines as mandatory. Rather, it "considered" the factors in 18 U.S.C. § 3553(a), including Mr. Ramirez-Sosa's "history and characteristics and the need to provide just punishment." ROA, Vol. II at 8. After taking into consideration both Mr. Ramirez's prior convictions and his repeated removal and reentry along with "the [§] 3553(a) factors," the court concluded that "a within guideline sentence is appropriate." *Id.* Nothing suggests that the imposition of the sentence was procedurally unreasonable.

Fourth, Mr. Ramirez-Sosa's sentence was substantively reasonable. Because the district court sentenced Mr. Ramirez-Sosa within the Guideline range, his sentence is presumptively reasonable. *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006). Mr. Ramirez-Sosa bears the burden of rebutting that presumption "by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)."

-8-

*Id.* We agree with his counsel that he cannot do this. As discussed above, the district court sentenced Mr. Ramirez-Sosa to the bottom of his Guideline range, which it concluded is within the "heartland" of reentry cases and "not beyond what would be reasonable and necessary to ensure that justice is accomplished," ROA, Vol. II at 10. We cannot say that this sentence exceeded "the bounds of permissible choice, given the facts and the applicable law," *McComb*, 519 F.3d at 1053 (quotations omitted); *see also United States v. Galarza-Payan*, 441 F.3d 885, 887, 890 (10th Cir. 2006) (finding 57-month sentence for illegal reentry reasonable).

Finally, Mr. Ramirez-Sosa "requests a new attorney based on his attorney's filing of an *Anders* brief," *United States v. Delacruz-Soto*, 414 F.3d 1158, 1168 n.6 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744), but "the mere filing of such a brief does not provide a defendant with the right to the appointment of a new attorney," *id.* We therefore deny his motion for appointment of new counsel.

## IV. **CONCLUSION**

Accordingly, because the record indicates no meritorious issues for appeal, we dismiss Mr. Ramirez-Sosa's appeal, deny his motion for appointment of new counsel, and grant his existing counsel's motion to withdraw.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

-9-