**UNITED STATES COURT OF APPEALS**

**April 25, 2014**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JESUS FERNANDO CARRILLO-ESTRADA,

Defendant-Appellant.

No. 13-1289
(D.C. No. 1:12-CR-00326-RBJ-1)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

Jesus Carrillo-Estrada appeals his conviction and sentence. 28 U.S.C. § 1291 confers our jurisdiction and we **affirm** both the conviction and the sentence.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

# I

The United States indicted Mr. Carrillo-Estrada for possessing methamphetamine with intent to distribute in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and (b)(1)(viii).  Mr. Carrillo-Estrada pleaded guilty pursuant to a plea agreement and moved for a mitigating-role adjustment under § 3B1.2(a) of the U.S. Sentencing Guidelines ("U.S.S.G." or "Guidelines").  The district court denied the adjustment and sentenced Mr. Carrillo-Estrada to 135 months in prison.  He then filed a timely notice of appeal.

# II

Mr. Carrillo-Estrada challenges both his conviction and his sentence.  We take the challenges in turn, finding neither persuasive.

# A

Mr. Carrillo-Estrada lodges two explicit challenges to his conviction—on due process and Federal Rule of Criminal Procedure 11(b) grounds.[1]  As

---

[1]  Mr. Carrillo-Estrada also sporadically makes reference to the fact that he unsuccessfully filed a motion for appointment of an immigration-law specialist.  At one point he goes so far as to flatly state that "[a]n immigration attorney or specialist should have been appointed."  Aplt. Opening Br. at 19.  However, Mr. Carrillo-Estrada does not articulate any appeal from the denial of this motion.  Rather, his assertion that a specialist should have been appointed appears in the section of his brief dealing with the plea advisements, and there is no independent argument or authority offered in support.  Accordingly, Mr. Carrillo-Estrada has not adequately raised a challenge to the denial of his motion for appointment of an immigration attorney, and we will consequently not examine the propriety of that ruling.

explained below, these challenges are wholly without merit.

**1**

Mr. Carrillo-Estrada posits that his plea was constitutionally invalid because he was not sufficiently advised that his conviction might lead to deportation. To survive due-process scrutiny, a guilty plea must be knowing, intelligent, and voluntary. *See United States v. Hurlich*, 293 F.3d 1223, 1230 (10th Cir. 2002). "[W]hen it develops that [a] defendant was not fairly apprised of [the] consequences" of his guilty plea, it "[can] be challenged under the Due Process Clause." *United States v. Avila*, 733 F.3d 1258, 1261 (10th Cir. 2013) (fourth alteration in original) (quoting *Mabry v. Johnson*, 467 U.S. 504, 509 (1984)) (internal quotation marks omitted). For due-process purposes, a "defendant need not understand every collateral consequence of the plea, but need only understand its direct consequences." *Hurlich*, 293 F.3d at 1230. Historically, we have deemed deportation a collateral consequence of a guilty plea and not a direct consequence. *See Broomes v. Ashcroft*, 358 F.3d 1251, 1256 (10th Cir. 2004), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356, 366 (2010).

In *Padilla*, the Supreme Court held that a defense attorney can render ineffective assistance of counsel in violation of the Sixth Amendment by offering incorrect information to a defendant regarding the immigration consequences of a guilty plea. 559 U.S. at 369. Importantly, though, the *Padilla* Court explicitly

3

declined to resolve whether immigration consequences were collateral or direct, *see* 559 U.S. at 366, and declined to analyze any due-process issues. We have not extended *Padilla* to the due-process context, and at least one of our sister circuits has expressly decided not to do so. *See United States v. Delgado-Ramos*, 635 F.3d 1237, 1240–41 (9th Cir. 2011) (per curiam). Mr. Carrillo-Estrada makes out no argument and cites no authority for why we should abandon our pre-*Padilla* precedent in this regard. His failure is fatal to his claim on this issue. *See United States v. Rodriguez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997) ("[I]t is the appellant's responsibility to tie the salient facts, supported by specific record citation, to [his] legal contentions." (second alteration in original) (internal quotation marks omitted)).[2]

Mr. Carrillo-Estrada also suggests that he had a right to know of the possibility of seeking asylum for himself and his family before entering his guilty plea. His tacit assumption notwithstanding, the possibility of seeking asylum is not a *consequence* of conviction—either direct or indirect. Rather, it is an avenue for *avoiding* the consequence of deportation. Mr. Carrillo-Estrada has no explanation to the contrary and indeed presents no authority whatsoever for the

---

[2] In any event, Mr. Carrillo-Estrada's belief that he was not adequately apprised of the possibility of deportation is baseless. His plea agreement and his "statement in advance of plea of guilty" cautioned him that he might be removed from the U.S. if convicted. Both documents were translated into Spanish and Mr. Carrillo-Estrada swore to the district court that he understood their contents.

proposition that a defendant has a right to be advised of asylum procedures prior to pleading guilty. As the government rightly notes, Mr. Carrillo-Estrada's principal authority on his due-process claim—*Padilla*—says nothing about asylum and research does not disclose any cases extending *Padilla* so far beyond its moorings. Mr. Carrillo-Estrada therefore demonstrates no error on this point and his due-process claim is meritless.

**2**

Mr. Carrillo-Estrada next contends that the district court ran afoul of Rule 11(b). Where, as here, "a defendant fails to object on Rule 11 grounds at sentencing, we review a district court's acceptance of his plea for plain error." *United States v. Landeros-Lopez*, 615 F.3d 1260, 1263 (10th Cir. 2010). "To prevail under the plain error standard, [Mr. Carrillo-Estrada] must show 'there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Figueroa-Labrada*, 720 F.3d 1258, 1266 (10th Cir. 2013) (quoting *United States v. Teague*, 443 F.3d 1310, 1314 (10th Cir. 2006)).

Rule 11(b) instructs district courts to inform a defendant of various matters before accepting his guilty plea. *See* Fed. R. Crim. P. 11(b)(1).[3] The district

---

[3] In addition to listing these advisements, Rule 11(b) requires a district
(continued...)

court gave Mr. Carrillo-Estrada several of the Rule 11(b) advisements and Mr. Carrillo-Estrada's statement in advance of pleading guilty acknowledged that he was aware of the balance of the relevant admonishments.

To satisfy the third prong of the plain-error test, Mr. Carrillo-Estrada must show that the alleged error was "prejudicial—that is, [that] he would not have pleaded guilty had the court complied with Rule 11." *United States v. Ferrel*, 603 F.3d 758, 763 (10th Cir. 2010). Under our precedent, the fact that Mr. Carrillo-Estrada was apprised of all of the relevant Rule 11(b) provisions either by the district court or in his statement in advance of pleading guilty severely handicaps his Rule 11 claim on the third prong of the plain-error test. *See id.* ("[A] defendant who receives the information omitted by the district court from other sources generally cannot demonstrate that he would not have pleaded guilty had the court also so informed him."). Mr. Carrillo-Estrada advances nothing to overcome this general presumption and he is accordingly not entitled to relief on his Rule 11(b) challenge.[4]

---

[3](...continued)
court to confirm that the plea is voluntary and has a factual basis. Fed. R. Crim. P. 11(b)(2), (3). The district court did both here.

[4]     Mr. Carrillo-Estrada announces rather opaquely, and seemingly in the midst of his due-process argument, that "[t]he standard to apply is set out in *Strickland v. Washington*[, 466 U.S. 668 (1984)]." Aplt. Opening Br. at 18. *Strickland* is, of course, an ineffective-assistance case. If Mr. Carrillo-Estrada is attempting to make out an ineffective-assistance claim, he falls woefully short, as he fails to even mention, let alone discuss, the phrases "ineffective assistance,"
(continued...)

**B**

Mr. Carrillo-Estrada attacks his sentence in two regards[5]: (1) he was a "minimal participant" in the criminal activity and thus deserving of a mitigating-role adjustment pursuant to U.S.S.G. § 3B1.2(a);[6] and (2) he was entitled to a downward departure under U.S.S.G. § 5K2.12 because he was coerced into committing the offense. He is mistaken on both scores.

**1**

U.S.S.G. § 3B1.2(a) instructs district courts to decrease the offense level by four levels where "the defendant was a minimal participant in any criminal activity." The district court denied the adjustment with reference to evidence that Mr. Carrillo-Estrada

> was the contact person who facilitated this drug transaction. He received this large quantity of methamphetamine, hid it in a

---

[4](...continued)
"Sixth Amendment," "deficient performance," or "prejudice." To the extent that Mr. Carrillo-Estrada means to bring an ineffective-assistance claim through this murky and unexplained language in his brief, it is dismissed without prejudice to his ability to raise it in collateral proceedings. *See United States v. Trestyn*, 646 F.3d 732, 741 (10th Cir. 2011).

[5]     At several places in his brief, Mr. Carrillo-Estrada cryptically insinuates that the district court committed some error in its consideration of 18 U.S.C. § 3553. He nowhere makes clear what argument, if any, he is making regarding § 3553, and thus does not sufficiently present any such argument to the court. *See United States v. Hardman*, 297 F.3d 1116, 1131 (10th Cir. 2002) (en banc) ("Arguments raised in a perfunctory manner . . . are waived.").

[6]     The U.S. Probation Office used the 2012 version of the Guidelines. Since neither party disputes its decision to do so, we refer to the same edition.

compartment in the vehicle that was used to transport to Colorado. Flew from California to Colorado to deliver it. Met the undercover agent. Boasted, as I said, about his previous drug dealings. Talked about providing larger quantities and about recruiting the driver or drivers to help deliver large quantities.

R., Vol. IV, at 36 (Sentencing Hr'g Tr., dated June 25, 2013). The district court's denial of Mr. Carrillo-Estrada's request for a mitigating-role adjustment "represents a finding of fact" and we thus "review the district court's decision for clear error." *United States v. Martinez*, 512 F.3d 1268, 1275 (10th Cir. 2008).

It is the position of Mr. Carrillo-Estrada that he was entitled to the adjustment because he broke the law only under threat by a drug cartel. He claims that the government agreed that this was so and that the district court erred in relying on the fact that the defendant himself did not restate the duress claim at sentencing. To support the notion that there was a consensus regarding duress, Mr. Carrillo-Estrada points to a page of the plea agreement which indicates that he had claimed to law enforcement officers "that he was threatened four months ago but did not say who had threatened him." R., Vol. I, at 281 (Plea Agreement, filed Mar. 13, 2013). He also cites a section of the sentencing transcript in which the only assertion of duress is from defense counsel. Neither citation bolsters Mr. Carrillo-Estrada's view that the government agreed with him that he acted under duress. The only evidence he has brought forward of such, here or in the district court, is his own vague, unsubstantiated, and self-serving assertion to law enforcement. It was not clear error for the district court to discount that assertion

8

in view of the factual findings quoted above. *See United States v. Caldwell*, 585 F.3d 1347, 1350 (10th Cir. 2009) ("[W]e defer to the district court's credibility determination at sentencing.").

Next, Mr. Carrillo-Estrada submits that he was "just as culpable as his co-defendant," Alfonso Martinez, who he avers received a two-point minor-participant adjustment. Aplt. Opening Br. at 26–27. His only support for this equivalency is that "[t]he completion of the crime required both participants." *Id.* at 27. This quite obviously does not show that Mr. Carrillo-Estrada was equally culpable in the sense that he should receive a downward adjustment just because Mr. Martinez received one. The perpetration of many crimes requires the participation of multiple defendants; it does not logically follow, however, that each of the defendants is necessarily equally involved in the misconduct.

Moreover, the government lists the reasons it regards Mr. Carrillo-Estrada as more involved in the criminal activity than Mr. Martinez, and Mr. Carrillo-Estrada does not dispute the facts upon which the government relies or respond to its argument. As a consequence, he has failed to even begin satisfying his duty as the appellant asserting clear error. *See Rodriguez-Aguirre*, 108 F.3d at 1237 n.8 ("[I]t is the appellant's responsibility to tie the salient facts, supported by specific record citation, to [his] legal contentions." (second alteration in original) (internal quotation marks omitted)).

Lastly, Mr. Carrillo-Estrada notes that he was provided with the device in

9

which the drugs were smuggled and that he "did not devise this subterfuge." Aplt. Opening Br. at 24. Again, neither fact shows that the district court committed reversible error in refusing him the adjustment. Defendants who have served "only" as drug couriers have advanced essentially identical arguments to Mr. Carrillo-Estrada's; we reject his for the same reasons we rejected theirs. *See United States v. Ballard*, 16 F.3d 1110, 1115 (10th Cir. 1994) ("Carter's services as a courier were as indispensable to the completion of the criminal activity as those of the seller . . . and the buyer . . . , and we agree that to debate which one is less culpable than the others is not productive. It is akin to the old argument over which leg of a three-legged stool is the most important leg." (omissions in original) (quoting *United States v. Carter*, 971 F.2d 597, 600 (10th Cir. 1992)) (internal quotation marks omitted).

Mr. Carrillo-Estrada does not dispute the district court's recitation of his extensive involvement in the drug-running scheme. Equally problematically, he provides no argument or authority to support a holding that the district court committed clear error in finding that this involvement disqualified him from the adjustment. For all of these reasons, Mr. Carrillo-Estrada's minimal-role argument fails.

**2**

Turning finally to Mr. Carrillo-Estrada's U.S.S.G. § 5K2.12 argument, that provision authorizes a district court to depart downward in its sentence where

"the defendant committed the offense because of serious coercion, blackmail or duress." Mr. Carrillo-Estrada concedes that he never moved for a departure pursuant to § 5K2.12 but insists that he raised the factual predicate supporting the departure and that this factual predicate entitled him to it. In other words, his theory is that he sufficiently asked for the departure, that his circumstances warranted its granting, and that the district court disagreed. Assuming with some skepticism the truth of this account, we have no jurisdiction over the issue. *See United States v. Shuck*, 713 F.3d 563, 570 (10th Cir. 2013) ("We have no jurisdiction 'to review a district court's discretionary decision to deny a motion for downward departure on the ground that a defendant's circumstances do not warrant the departure.'" (quoting *United States v. Sierra-Castillo*, 405 F.3d 932, 936 (10th Cir. 2005)); *United States v. Ramirez-Sosa*, 546 F. App'x 796, 800 (10th Cir. 2013) (disclaiming jurisdiction over an appeal from a district court's denial of a § 5K2.12 motion); *United States v. Pizzichiello*, 272 F.3d 1232, 1239 (9th Cir. 2001) (same). That being the case, Mr. Carrillo-Estrada cannot prevail on his § 5K2.12 argument.

## III

For the reasons stated, we **affirm** Mr. Carrillo-Estrada's conviction and sentence.

Entered for the Court

JEROME A. HOLMES
Circuit Judge