**UNITED STATES COURT OF APPEALS**

**January 3, 2018**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CARLOS DONJUAN,

    Defendant - Appellant.

No. 16-8096
(D.C. No. 1:11-CR-00169-NDF-1)
(D.Wyo.)

––––––––––––––––––––––––––––––––––––––––––

**ORDER AND JUDGMENT**[*]
––––––––––––––––––––––––––––––––––––––––––

Before **HARTZ**, **BALDOCK,** and **BACHARACH**, Circuit Judges.[**]
––––––––––––––––––––––––––––––––––––––––––

Defendant Carlos Donjuan appeals the denial of his petition for a writ of

coram nobis, in which he seeks to set aside his 2011 guilty plea. Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

    [**] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. 32.1.

## I.

In July 2011, a grand jury in the District of Wyoming indicted Defendant, a Mexican national unlawfully present in the United States, with knowingly using an unauthorized permanent resident card and an unauthorized social security card, in violation of 18 U.S.C. § 1546(b)(1). In September 2011, Defendant pled guilty to the charge. Notably, the record is silent as to whether counsel advised Defendant of the consequences of pleading guilty. At the plea hearing, the district court, however, warned Defendant of the adverse consequences to pleading guilty, including the risk of deportation: "[I]n addition . . . , there would be adverse consequences upon your ability to remain in the United States, and there would likely be adverse consequences as to your ability to obtain lawful reentry at a later time. You understand this?" Def. Corrected App'x at 28. Defendant responded, "Yes." *Id.* During the same hearing, the court asked, "Apart from the plea agreement . . . , have you been promised anything . . . to get you to plead guilty?" *Id.* at 34. Defendant replied, "No." *Id.* The court inquired, "And you've discussed the making of this plea with your counsel, Mr. Weiss?" *Id.* at 35. Defendant responded, "Yes." *Id.* The court continued, "And you're satisfied with Mr. Weiss' representation?" *Id.* Defendant responded, "Yes." *Id.* Satisfied that Defendant knowingly and voluntarily pled guilty, the district court sentenced Defendant in October 2011 to time served, plus up to ten days to allow time for deportation. The district court recommended the Department of Homeland Security (DHS) begin removal

proceedings during service of Defendant's sentence. Defendant never appealed his conviction.

That same month, DHS took Defendant into custody and began immigration removal proceedings. This was not Defendant's first interaction with DHS. DHS had served Defendant in July 2011 with a Notice to Appear before the Immigration Court, charging him under 8 U.S.C. § 1182(a)(6)(A)(I) with being unlawfully present in the United States without proper admission or parole. During his immigration proceedings, Defendant conceded removability, but applied for cancellation of removal under § 240A(b)(1) of the Immigration and Nationality Act. *See* 8 U.S.C. § 1229b(b)(1). In late February 2014, the Immigration Court denied Defendant's application because his conviction for using unauthorized documents rendered him ineligible for cancellation of removal.[1] Defendant appealed this decision. The Board of Immigration Appeals affirmed the Immigration Court and ordered Defendant removed. *See Carlos Israel Donjuan-Laredo*, A201 219 857 (BIA Sept. 10, 2015) (unpublished). Defendant filed a petition for review from the Board of Immigration Appeals' final order, but we denied the petition. *See Donjuan-Laredo v. Sessions*, 689 F. App'x 600 (10th Cir. 2017) (unpublished). Defendant also filed a petition for

---

[1] Section 240A(b) of the Immigration and Nationality Act provides the Attorney General may cancel removal of an alien if the alien demonstrates, *inter alia*, that he has not been convicted of an offense under section 237(a)(3) of the Act. *See* 8 U.S.C. § 1229b(b)(1). Section 237(a)(3)(B)(iii) provides that an alien is removable if he has been convicted of "a violation of, or an attempt or a conspiracy to violate, section 1546 of Title 18." *See id*. § 1227(a)(3)(B)(iii).

a writ of coram nobis in the District of Wyoming seeking to challenge his § 1546 conviction. The district court denied the writ. That denial is the basis for this appeal.

## II.

Due to the writ's exceptional nature, federal courts may only "entertain coram nobis applications in extraordinary cases presenting circumstances compelling its use to achieve justice." *Rawlins v. Kansas*, 714 F.3d 1189, 1196 (10th Cir. 2013) (quotations omitted). To justify issuance of the writ, the Defendant must "demonstrate that he exercised due diligence in raising the issue and that the information used to challenge the sentence or conviction was not previously available to him." *United States v. Carpenter*, 24 F. App'x 899, 905 (10th Cir. 2001) (unpublished) (citing *Klein v. United States*, 880 F.2d 250, 254 (10th Cir. 1989)). The Defendant must show specifically "(1) an error of fact; (2) unknown at the time of trial; (3) of a fundamentally unjust character which would have altered the outcome of the challenged proceeding had it been known." *Id.* (quoting *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001)). The Defendant must also exhaust all other remedies, including seeking post-conviction relief under 18 U.S.C. § 2255. *Id.* And critically, the writ is available only when the asserted error constitutes "a complete miscarriage of justice." *Klein*, 880 F.2d at 253.

In his petition for a writ of coram nobis, Defendant argued he was not properly advised about the immigration consequences of pleading guilty, in violation of his Fifth Amendment right to due process and his Sixth Amendment right to effective

4

assistance of counsel. The district court first determined it would consider the merits of the coram nobis petition because Defendant did not have any other remedies or forms of relief available.[2] Turning to the merits, the district court denied the petition, finding none of Defendant's claims of error were sufficient to support issuance of the writ. "When reviewing on appeal the district court's denial of a writ *coram nobis*, we review for clear error the district court's factual finding, *de novo* questions of law, and for abuse of discretion the district court's decision to deny the writ." *Embry v. United States*, 240 F. App'x 791, 795 (10th Cir. 2007) (unpublished). Applying these standards, we conclude Defendant's coram nobis petition is unavailing.

## III.

Defendant contends he was not properly advised about the immigration consequences of pleading guilty. With regard to his pre-plea advisement, Defendant asserts two claims: (1) his counsel violated his right to effective assistance of

---

[2] The district court noted, "[t]his case presents the unusual circumstance where Defendant does not meet the in custody requirement for relief under 28 U.S.C. § 2255." *United States v. Donjuan*, No. 11:CR-00169-F, at 3 (D. Wyo. July 7, 2016) (unpublished). The court explained Defendant "is not currently in custody and was not in custody at the time he became aware of the immigration consequences of his [guilty plea]." *Id.* After his judgment of conviction and sentence was entered, Defendant was only in custody pursuant to his federal conviction for ten days. It was during that ten-day period that he would have needed to file a § 2255 motion, but he asserted he did not learn of the immigration consequences of his guilty plea until after that time. The court further explained that Defendant asserted he did not learn of the immigration consequences of his guilty plea until after his time for a direct appeal passed.

5

counsel when counsel did not tell him the truth about the immigration consequences of his plea; and (2) the court violated his due process rights when the court did not tell him the extent of the risk of removal he faced with regard to his plea.

Defendant's claims are rooted in the Supreme Court's decision in *Padilla v. Kentucky*, 559 U.S. 356 (2010). Notably, *Padilla* dealt only with ineffective assistance of counsel under the Sixth Amendment, establishing the duty for a criminal defense attorney when advising a non-citizen client. *Id*. at 369. When the deportation consequence of the relevant law is clear, "the duty to give correct advice is equally clear." *Id*. When the deportation consequence of the relevant law is "not succinct and straightforward . . . , a criminal defense attorney need do no more than advise a client that pending criminal charges may carry a risk of adverse immigration consequences." *Id*.

We are not persuaded the holding in *Padilla* applies to Defendant's ineffective assistance of counsel claim for two reasons. First, unlike the petitioner in *Padilla*, Defendant's guilty plea did not render him removable. In *Padilla*, the petitioner was lawfully residing in the United States and only became subject to removal as a consequence of his guilty plea. In contrast, the Defendant here was already subject to removal pursuant to the Notice to Appear he received from DHS on July 19, 2011. The consequence of Defendant's guilty plea was not removal, as was the situation in *Padilla*. Instead, the guilty plea made Defendant ineligible to receive the discretionary relief of cancellation of removal, which is fundamentally different than

6

a lawful resident alien being subject to removal due to a guilty plea. Second, Defendant was advised correctly that his guilty plea would likely result in his deportation. In contrast, the petitioner in *Padilla* was advised affirmatively and erroneously that his guilty plea would not compromise his ability to remain in the United States.

With these distinctions in mind, we first turn to Defendant's claim of ineffective assistance of counsel. Defendant argues his counsel incorrectly advised him of the immigration consequences of his guilty plea. To demonstrate ineffective assistance of counsel, Defendant must show both that his attorney's performance was deficient and that the deficiency caused him prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). We first consider his attorney's performance. To prove an attorney's performance was deficient, Defendant must show that his attorney's performance "was not within the wide range of competence demanded of attorneys in criminal cases." *Laycock v. State of New Mexico*, 880 F.2d 1184, 1187 (10th Cir. 1989) (quoting *Hill v. Lockhart*, 474 U.S. 52, 56 (1985)).

To judge the performance of Defendant's attorney, we have before us Defendant's statements at the plea hearing and an affidavit Defendant supplied after the fact. "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The "truth and

7

accuracy" of a defendant's statements during a plea hearing "should be regarded as conclusive in the absence of a believable, valid reason justifying the departure from the apparent truth of his Rule 11 statements." *Hedman v. United States*, 527 F.2d 20, 22 (10th Cir. 1975) (per curiam).

Even though Defendant stated in court that he was guilty of knowingly using unauthorized documents to obtain employment, he understood the consequences of his guilty plea—including he would likely be removed from the United States— and he was satisfied with his attorney's performance, he later supplied an affidavit contradicting those statements. This self-serving affidavit is the only account of what Defendant's counsel allegedly told him before he pled guilty.[3] In his affidavit, Defendant wrote:

> I entered the plea to using false papers by an employer because I hoped that the plea would allow me to stay in the United States. No one ever told me that I had no hope of staying in the United States if I entered that plea. I always thought that I had a possibility of fighting to stay in the United States . . . . If I had known that there was no chance of winning in immigration court with this plea, I would have gone to trial.

Def. Corrected App'x at 114–15.

On the present record and in the context of a petition for a writ of coram nobis, Defendant's contentions do not overcome Defendant's burden to demonstrate his counsel's performance was deficient. *Strickland*, 466 U.S. at 687. Defendant's

---

[3] We do not analyze Defendant's arguments regarding his counsel's statements at the sentencing hearing because those statements do not show his counsel gave him false hope *before* he entered the guilty plea.

affidavit is nothing more than a "mere denial[] of that which he has previously admitted[, and] does not raise a substantial issue of fact . . . . Although an allegation of fact must ordinarily be accepted as true, it is not required where . . . the allegation is contradicted by the files and records before the court." *Runge v. United States*, 427 F.2d 122, 126 (10th Cir. 1970). Defendant's contention that "[s]urely, the Defense Counsel . . . advised Mr. Donjuan there was 'some pretty good hope' that . . . '[Mr. Donjuan] will be eligible for legal permanent resident status'" is speculative and directly contradicts the district court's plea colloquy. Def. Second Corrected Br. at 19 (second alteration in original) (emphasis omitted). Such speculation is an insufficient basis on which a cognizable claim of ineffective assistance of counsel may rest. *United States v. Gallant*, 562 F. App'x 712, 716 (10th Cir. 2014) (unpublished). Defendant simply did not provide evidence regarding the advice his lawyer gave to him prior to his guilty plea. Therefore, he failed to overcome the presumption of verity of open court declarations, and he failed to overcome his burden of proof to show his lawyer's performance was deficient. No factual basis exists for Defendant's claim that his attorney gave him incorrect advice prior to entering his guilty plea. Accordingly, the district court did not abuse its discretion in denying Defendant's petition for a writ of coram nobis with regard to his ineffective assistance of counsel claim.[4]

---

[4] Because we conclude counsel's performance was not constitutionally
(continued...)

9

With regard to Defendant's claim that his due process rights were violated when the court did not tell him the degree of risk of removal he faced as a result of his plea, we find the court did not violate Defendant's rights because Defendant received correct and adequate advice during the court's colloquy. The Due Process clause requires that a guilty plea be made knowingly, voluntarily, and intelligently. *United States v. Hurlich*, 293 F.3d 1223, 1230 (10th Cir. 2002). To enter a plea that is knowing and voluntary, "[t]he defendant need not understand every collateral consequence of the plea, but need only understand its direct consequences." *Id*. "Historically, we have deemed deportation a collateral consequence of a guilty plea and not a direct consequence." *United States v. Carillo-Estrada*, 564 F. App'x 385, 387 (10th Cir. 2014) (unpublished).

When faced with a case where a prisoner argued that his due process rights were violated because he was not sufficiently advised that his conviction might lead to deportation, we declined to extend *Padilla* to the due process context. *See id.* (citing *United States v. Delgado-Ramos*, 635 F.3d 1237, 1240–41 (9th Cir. 2011) (per curiam)). We noted that we did not see any basis to depart from our pre-*Padilla* precedent regarding these types of due process claims. *Id.* Defendant fails to offer any authority to support his position that the district court owed him the same duty

---

[4](...continued)
deficient, we need not address the second prong of the *Strickland* test—whether counsel's deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687.

10

of advisement under the Due Process Clause as his defense attorney owed him under the Sixth Amendment. Such failure is fatal to his claim on this issue. *See id.* (citing *United States v. Rodriguez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997) ("It is the appellant's responsibility to tie the salient facts, supported by specific record citation, to his legal contentions.") (alterations and internal quotation marks omitted)).[5]

IV.

For the reasons stated, the district court did not abuse its discretion in denying Defendant's Petition for a writ of coram nobis.[6]

---

[5] In any event, Defendant's belief that he was not adequately apprised of the possibility of deportation is baseless. The record here indicated the district court provided correct and adequate advice—Defendant knew pleading guilty to violating 18 U.S.C. § 1546(b)(1) carried a risk of adverse immigration consequences. During the arraignment and plea hearing, the district court warned Defendant of the adverse consequences to pleading guilty: "[I]n addition to those fines and penalties, there would be adverse consequences upon your ability to remain in the United States, and there would likely be adverse consequences as to your ability to obtain lawful reentry at a later time. You understand this?" Defendant responded to the Court, "Yes." Def. Corrected App'x at 28.

[6] We also note Defendant raises two other claims—that his equal protection rights were violated because he was selectively prosecuted and that § 1546(b) is unconstitutionally vague. We agree with the district court's resolution of these claims and have nothing further to add to the district court's analysis. We therefore affirm the district court's denial of these claims for substantially the same reasons outlined in its order filed July 7, 2016.

11

AFFIRMED.

                                                  Entered for the Court


                                                  Bobby R. Baldock
                                                  United States Circuit Judge